FILED

2018 Jul-02  PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

NORTHENR DIVISION

CASE NO.   5:18-CV-00110-LSC

HONORABLE L. SCOTT COOGLER,

5:18-cv-01021-KOB-TMP

RONALD SUTTON,                          )

     Plaintiff,                         )

v.                                      )

MITCHUM, BILLY, WARDEN (RET),           )

ESTES, DEWAYNE, WARDEN, 2013-15,)

GORDY, CHRISTOPHER, 2015-18,            )

ESTES, DEWAYNE, 2018-PRESENT,           )

PATRICK, JIMMY WARDEN II,               )

NOE, GUY, WARDEN I,                     )

ROBINSON, PATRICK CAPTAIN,              )

SMITH, JAMES CAPTAIN,                   )

MITCHELL, _____, LT. COMMANDER          )

JONES, MIKE, LT. SUPERVISOR             )

DOE, _____, CO-1,                       )

DOE, _____, CO-1,                       )

DOE, _____, CO-1   ET AL.,              )

     First set Defendants,              )

&                                       )

DR. HOOD, (PRIVATE CONTRACTOR)          )

(CORIZION/LIMESTONE/HCU),               )

DR. BARRETT, (PRIVATE CONTRACTOR)       )

CORIZION/HCU, (PHYSICIAN)               )

Second set Defendants                   )

All above named defendants in this complaint are sued in their individual and official, and of their respondeat superior.

## JURY TRIAL DEMANDED

## COMPLAINT FOR MONEY DAMAGES, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, IMMEDIATELY SURGERY UPON HIS INJURY AND DAMAGED LEFT EYE, ORIGINAL PRESCRIBED BY CORIZION PRIVATE PHYSICIAN CONTRACTOR/CORIZION HCU, DR. BARRETT, (2011)

PURSUANT TO 42: U.S.C. § 1983.

The Original complaint filed under case number (5:18-CV-00110-LSC) was DISMISSED WITHOUT PREJUDICE and has been permitted to file new complaint. He further wish to amend his complaint by removing and dismissing as Defendants Governor Kay Ivey, Alabama Attorney General Steve Marshall, and/or ADOC Jefferson S. Dunn, and any of their successors as to whaich they may be appointed. Pursuant to Fed. R. Civ. P. Rule 15(a) and 19(a).

## I.   COMPLAINT

COME NOW: Plaintiff, Ronald Sutton, Pro se by and through himself respectfully moves this Honorable U.S. District Court grant an order here in his jury trial demanded , and or his Motion for to Proceed Informa Pauperis and Hardship Affidavit, a true copy of his (ADOC) Inmate Summary of his Prisopn account as he is indigent and has been for sometimes now.

2

Further was the Defendants named in the complaint are deliberate-indifference, and that he has alleged facts he is under a most serious "imminent danager" of a serious physical injury". Specifically, that the Plaintiff complains that in August 9, 2011, an inmate (Jimmy Swindel) whom since has "EOS" End of Service been released from prison (Limestone) who was a mental health patience deliberately jump from his top bunk grabbed a free-world boot with a wooden hill swing and striking plaintiff in his left eye blinding him for a period of 30-45 minitues before receiving any assistance from the officer's knocking him to the floor of the cell, causing it to gushing like an open water fountain to cover the cell floor and before it was reconized that he could call or get any help from anybody. during as ADOC Count in a domitory where the officers was not even of the dorn and counting of the opposite side of the dorm while plaintiff was trying to signal or call for help. Further it was another 25 or 40 minitues before he was even carry to help care to received help from the medical staff. His    previous    complaint filed under the above number was dismissed without prejudice as to where he cannot and does not have funds to proceed as he believes he should have been ranted inforam pauperis where he could pursue under a valid filed complaint.   His complaint isnot frivolous, or false of filing.

## II.   JURISDICTION

Plaintiff bring this lawsuit pursued to 42: U..S.C. § 1983.    This Court has jurisdiction under 28: U.S.C. §§1331, 1343, §1982.

3

Plaintiff seeks money damages (compensatory & punitive) damages, declaratory and injunctive relief, immediately an emergency surgery operation by a clear register with the medical bar of the State Medical Physician Board of Alabama performing the surgery there before he loses the whole eye, which was original due to be conducted by Private Practice Physician Dr. Barrett, but for whatever some unknown reason was Stopped by Chief Surgeon of the Corizion Health Services, Chief Suregon under contract with the Corizion Health Services Dr. Hood, whom refused to allow surgery performed on the plaintiff after had been approved and prepared for surgery by Physician Dr. Barrett at the Crestwood Medical Center (Huntville), but was not allowed because Dr. Hood Cancel it because he states that the (ADOC) stated that it could not and did not have the monties/dollars to pay for it that plaintiff would had to be scheduled at a much later date to acquire the funds to pay for this type surgery. This was in August 2011, since then plaintiff's left eye has continuely to deteriorate and lose it vision as to where plaintiff has almost lost complete vision of this eye. since the striking in the eye of the heel of (Swindell's) heel of his boot. Plaintiff contend's he under "imminent danager of a serious physical injury". 28: U.S.C. §1915(g). That the Court should subpoena all medical records both from the ADOC (Limestone) Correctional Health Care Unit and the Crestwood Medical Center (Huntville) in support of his serious medical imminent danger of a serious physical injury denied by the defendants and of a deliberate-indifference participant by the defendants.

4

## VENUE

This **United** **States** **District** **Court** is an appropriate venue under this statute a substantial part of the events or omission giving rises to the claims occured in this state.

## IV. PARTIES

RONALD SUTTON:is the plaintiff in this present lawsuit 42: U..S.C. §1983, lawsuit, and he relevant at all times to this action a prisoner incarcerated at the Limestone Correctional Facility, and is located at the address of 28779 Nick Davis Road, Harvest, Alabama 35749, he may received all his incoming mail legal and personal at the above listed address, he is filing pro se and at this time is representing himself. He has sued all the named parties in the complaint in their individual and official capacities, seeking money damages in their (individual and official ccapacities)(compentory and punitive damages for the known denied of medical treatment in a serious medical injury. Specifically, under "imminent danger of serious physical injury." 28: U.S.C. § 1915(g).

Defendant Billy Mitcnum: was at all times relevant to this action the Wardenm of the Limestone Correctional Facilityand was acting under the color of federal and state law. By statute the Warden is responsible for ensuring the safety and well being of prisoners

5

under his supervision.   He has deliberate-indifference as he knew
or should have known that the was denied by the Corizion contracted
under the ADOC at Limestone of a serious medical injury which cause
the plaintifff under an "imminent danger of a serious physical
injury",  He was served ofmany requests' and other complaints from
the plaint but never responded to any of the requestes, but allowed
the plaintiff to go un-told why his surgery was denied. He is sued
in his individual and offifical capacities and for (compensatory
and punitive damages).   He has since the filing of this lawsuit
accordingly to the ADOC  (Limestone) CF, and the plaintiff has no
access of locating his address as to where he may be served.
Plaintiff contend he was the originbal sitting Warden when the
injury occured from 2011-2013.   But was in 2013-2015 in this
lawsuit was succeeded by in-coming Warden III, Dewayne Estes.
Plaintiff does not have a known address for Defendant Billy
Mitchjum. So at the present time of this filing Plaintiff does not
have a known address as to  where Defendant Mitcnum could be
served.

Defendant Dewayne Estes:  was at all times relevant to this action
the (successor) Warden III, of Defendant Warden Billy Mitcnum in
2013- 2015  of the Limestone CF and was acting under the color of
federal and state law.   He to obtained the knowledge of the
plaintiff's "imminent danger injury" and that he has suffered a
12

mental and emotional injury sine the injury occured in August 2011.
By statute Defendant Estes is responsible for ensuring the safety
and well being of prisoners under his supervision.    He has
deliberate-indifference acted as he knew or should have know that
plaintiff had suffered a very serious medical injury denied of the
schedule surgery to correct this injury as to where it is now.
That was to be conducted by the Corizion Medical Health Service.
He too as in Defendant Mitchum was served with many requestes for
the scheduling of his surgeon, but failed to respond to the
plaintiff's request.  He had also transferred to other facility in
the ADOC Prison system but since has returned to the Limestone
Correctional Facility effective May 1, 2018.

He is sued in his respondeat superior, individual, and official
capacities, and for monetary damages in the (compensatory and
punitive) damages.  He may be served in a copy of the complaint at
the Limestone Correctional Facility, 28779 Nick Davis Road,
Harvest, Alabama 35749.

Defendant Christopher ~~CCZordy~~ Gordy was at all times relevant to this
action assume the reins as Warden III, as the successor from
Defendqnt D. Estes, in March 1, 2015-May 1, 2018.   Here of the
Linmestone Correctional Facilityand ne too as Defendants Mitchum
and Estes, was acting under the color of federal and state law.  By
statute as of Defendants Mitchum and Estes is responsible for
ensuring the safety and well being of prisonersunder his

/

supervision.    He too as of Mitchum and Estes have acted in his
deliberate-indifference   and   total   igorned   a   serious   "imminent
danger serious physical injury. And he to have ignored to advise
the old Corizion Medical Health Service and the new contract under
the new medical care-provider Wextex Medical Service) of the total
injury occurred and effective because they have failed to provide
service of medical treatment for a serious imminent danger.    that
is so badly needed to this plaintiff. He too by this plaintiff's
have been provided many requestes and he nas refused to answers.
Gordy is the third Warden whom which has over looked or just
plainly ignorned this plaintiff's imminent serious physical injury
which has over the years has deterirated or practically lost
complete vision of his left-eye struck by (Jimmy Swindel)    the
other inmate who struck plaintiff's of this eye causing this
medical untreated and uncared for by any medical facility.
Defendant Gordy as Mitchum and Estes is sued in his respondeat
superior, individual, and official capacities.    He is sued of
monetary damades of Comepensatory and punitive damages.  He has
since been transferred to the Holman Penitentiary, Atmore, Alabama.

Defendant Jimmy Patrick: was at all times relevant to this action
Warden II, at the Limestone Correctional Facility, and has   been a
warden II since the occurance of the physical injury (August 11,
2011), he too as Defendants Mitchum, Estes, and Gordy, have
received many requestes from the plaintiff's but he too leke the

other's refused to answer any of the requestes or advise the
Corizion or the new contractor Wextex Medical Services.   He was
acting under the color of federal and state law.   By statute the
warden is responsible for ensuring the safety and well being of
prisoners under his supervision.     He has acted deliberate-
indifference and is sued in his respondeat-superior, individual,
and official capacities.   He is also sued for monetary damages of
compensatory and punitive damages.    He too as other Defendants
Mitchum, Estes, and Gordy, have total ignorned this injury or never
spoken to the Corizion or new contractor Wextex Medical Services of
the plaintiff's eye surgery that was and has been so urgent before
he loses his complete vision of his left-eye where he was struck of
the boot by inmate (Jimmy Swindell).   He may be served of this
complaint at the Limestone Correctional Facility, 28779 Nick Davis
Road, Harvest, Alabama 35749.

Defendant Patrick Robinson,:   was at all times relevant to this
action the Captain in-charge of Security, as he is in-charge of all
Shift-commanders, Supervisors, and Correctional Officers, per shift
as they may work, he is employed by the State of Alabama, and are
responsible for the ir immediate training, up-grading of training,
security, and safety of all prisoners and staff members working per
shift. He was acting under the color of federal and state law.   By
statute Defendant P. Robinson, are responsible for the safety and
well being of all the prisoners and officers housed and employed at

9

the Limestone Correctional Facility, Harvest, Alabama.   He to has
been at the Limestone employed by the State of Alabama since
(August 9, 2011) and has done absolutely nothing in expediting any
surgery or otherwise preparing or medical care for the plaintiff
through the Corizion Health Care or the new contractor Wextex
Health Care to assist this palintiff in getting the proper medical
treatment for this serious imminent physical danger injury occured
to plaintiff's left-eye.

He too as Defendants Mitchum, Estes, Gordy, Patrick are sued in his
respondeat superior, individual and official capacities, ne is alos
sued of monetary damages of compensatory and punitive damages, He
takes full responsiability for the Limestone Correctional Security,
and are full responsible for every inmate and staff security at the
Limestone Correctional Facility, and ne has acted under deliberate-
indifference as ne knew or should have known that the plaintiff
needed the immediate surgery as ne was abreast by the Medical
Physicians at Limestone of the conditions of the possibly losing of
plaintiff's left-eye,   He may be served with a copy of this
complaint at the Limestone Correctional Facility, 28779 Nick Davis
Road, Harvest, Alabama, 35749.

Defendant Guy Noe: was at all times relevant to this action
transistion of a Captain to a Warden I, now served as a Warden II,
at the Decatur Work Release, Decatur Alabama and was acting under

10

under color of federal and state law.  By statute the Warden II, is
responsible for the ensuring the safety and well being of prisoners
under his supervision.  He along with all the other Defendants are
employed by the State of Alabama (ADOC) Alabama Department of
CORRECTIONS, He takes a part in being responsible for immediate
traing, security, up grading of traing manual and traing, policy,
changes, and up-date grading of all equipment, and other proper
securitystandards and immediate updates, of statutes for both
employees and inmates here at the Limestone County Correctional
Facility.  He is sued in his deliberate-indifference, repondeat
superior, individual and official capicities, and sued for monetary
damages of compensatory and punitive damages, injunctive releif,
and declaratory relief.  He may be served a copy of this complaint
at the Decatur Alabama Workrelease Institution, Decatur Alabama.
He has since the injury been relocate to the Decatur Work Release
as security and Warden II, in the ADOC.

Defendant James Smith: was at all times relevant to this action
the Captain of administration and he is full responsible for the
transfer, paying the bill, issuing the paper to or for the inmate
to be travel back and forth to the hospitals, making sure the
safety of the inmate ensuring are properly handle of any surgery,
outside doctor visits, and was full aware of the injury occuring on
or about (August 9, 2011) by another inmate striking him in the
left eye of almost knocking his complete pupil but only by the

11

grace of god he didn't knock it completely out of the socket.
Defendant Smith is employed too like the other named defendants
are employed for the State of Alabama, he was acting under the
color of federal and state law, and he was full aware of the entire
injury of the plaintiff's serious "imminent physical injury" all
the way from first day August 9, 2011.   He is sued in his
deliberate-indifference, respondeat superior, in his individual
and/or official capacities.   Plaintiff is sued Defendant Smith in
his official capacities as he work for the state but is not suing
the State of Alabama. He is sued for monetary damages of
compensatory and punitive damages.   He too may be served at the
Limestone Correctional Facility, 28779 Nick Davis Road, Harvest,
Alabama 35749.


Defendant Lt. _____, Mitchell, was at all times relevant to this
action a Lieutenant Shift Commander of the A-night shift and was
incharge of the unspecified CO-1's officers and the other
supervisors assigned that snift (August 7, 2011), and incharge of
the security as it is of his shift. At the Limestone Correctional
Facility, he at the conclusion of the incident when plaintiff had
been struck with the boot, decided to give both the plaintiff and
the aggressor Jimmy Swindell the inmate who struck the plaintiff's
with the boot disciplinarys to the plaintiff of prison rule
violation "Fighting without a weapon" and to Jimmy Swendell prison
rule violation "Fighting with a weapon"   placing the plaintiff in
the HCU (Health Care Unit for healing and Swindell directly in
segregation where he stayed for 18 months.

By the Statute the Shift Commander is responsible for ensuring the safety and well being of prisoner's under his supervision and he was acting under color of federal and state law. He is sued in his individual and official capacities. He is employed by the State of Alabama but plaintiff is not suing the State of Alabama.  He is used for maonetary damages of compensatory and punitivee damages. He was at the time of the injury occured working at the ADOC Limestone Correctional Facility, plaintiff has no idea as to where (if still even assigned in the ADOC) he is now employed and if he is still employed for the ADOC.  However, he was here at the time of the incident (August 9, 2011).  Plaintifff has no connected of this Defendant.


Dwefendant Mike Jones,:  was at all times relevant to this action a sergeant supervisor of the A-Night shift, at the Limestone Correctional Facility and was acting under color of federal and state law.  By statute the sergeantis responsible for the plaintiff safety and he has acted deliberate-indifference and are liable for the injury occurance to the plaintift (August 9, 2011), , and he was aware that there was no assigned rovers officers in K-dorm the night of (August 9, 2011) the night plaintiff's was sttack by Swindell striking him with the nell of the wooden boot.  he is sued in his individual and officiá capacities.  He is sued in monetary compensation and punitive damages.  He is being sued as he is employed for the state and the state is not being sued.

13

de may be served in his capacity at the Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, Alabama, 35749.

Unspecified Defendant:    who is not known at the time of this filing of the complaint was a CO-1 assigned officer in K-Dorm, on August 9, 2011, but at the time plaintiff had been struck there were no floor rover in his section of his Dorm,  as the staff were short officers and he had been in and out all night long when he had been struck with a boot in the dorm while all the cell doors wer locked and it was the commence of count time.  He had no idea as to who (if any) this unspecified officer were assigned hiss floor, and when the officer arrived on his floor at this cell some times after he had been struck and hit in his left eye blood gushing from his eye like a water fountain, but was not able to get any assistance and rush to (HCU) Health Care Unit.  Unspecified Officer assigned to the floor was not there, was not present on his post, and there is no security alarm or any buzzer or any way to contact the cubicle officer from the cell block where I wwas in cell K45(a).   Unspecified officer was ensuring by statute of plaintiff's safety and well being  and was acting under federal and state color of law. He has not been provided with either of the names officer assigned his walk or his floor, the evening of count time on (August 9, 2011).

14

He was actiong deliberate indifference, and are sued in nis individual and official capacitiesIt is not known to this plaintiff the exposure of his name at the time of his filing. sHe is sued for monetary damages in compensation and punitivve damages.


Defendant Unspecified #2:the excat cirteria as of unspecified #1 above, and ne too are sued in nis individual and official capacities, and ne is sued for monetary damages for compensatory and punitive and tne same set up of tne floor walker #1 and was not present of tne floor of nis duty wnen plaintiff was nit.

UNSPECIFIED DEFENDANT #3: Cubicle Assigned to had no way to be alarmed from tne cell tnat ne nad been struck by a mental nealtn patience of Jimmy Swendell, wnicn made tne attemp to kill tne plaintioff, so ne nad to suffer tne blow witn tne bllod gusning from nis eye and no way to contact any body of sucn serious imminent pnysical injury struck by a mental nealtn patience anotner inmate locked in witn tnis out of control person until tne dorm rover tnat was assigned to tnis walk arrived for count. Inis Unspecitied cubicle officer by statute is ensuring for tne plaintiff safety and ne too knowing for tnis plaintiff's safety. He is sued inindividual and official capacities. ne too wnen exposed may be served at tne limestone correctional facility. Plaintiff is suing nim/ner for monetary damages of compensatory and punitive damages.

He too carry tne same responsibiliities as of unspecified defendants #1 & 2,

15

Defendant Dr_____, Barrett: who on August 9, 2011, were an
assigned Medical Physician of a contract with Corizion Health
Services, but contract to performed severe surgicial surgery as
plaintiff had with the severity of damages in his eye.   He had
schedule the plaintiff on August 9, 2011 for immediatly surgery
upon his arrival in the (ER) Emergency Room at the Crestwood
Hospital, and prepared the plaintiff for surgery, but was later
canceled by Dr. Hood because it was explained that (Sutton) had to
be rescheduled) because the prsion could not and did not have the
funds to pay for it.  So the surgery was cancel and rescheudle on
August 16, 2011 again at the Crestwood Hospital.   But plaintiff
never was given this surgery. And was denied of a very serious
medical treatment and any further medication prescribed.   He is
sued in his individual and official capacities.   He acted under
deliberate-indifference when he was denied the surgery so and still
badly needed and when Defendant Barrett fails to respond
appropriately or did not respond at all after he was told or shown
that the prison would not and could not pay for the surgery,for a
serious medical need, when the prison officials intentionally
denied or delayed (forever) access to treatment; when he allowed
the prison official to interfere with his profession of the
treatment, surgery, he had ordered.       Violated his Eighth
Amendment when plaintiff clearly had a serious medical 9imminent
need) medical need; when he was denied of the serious medical need
of the eye-surgery when he was denied because the prison couldn't
pay.

Dr. Barrett further denied him with "proper [medication]" for the "ongoing" eye injury which he sustained in August 2011 from the inmate assault, and because he has twice denied the correctional medical surgery his eye has become more and maore severe damages as he almost right at the  stage of this filing and because he was denied the medical surger "eye-surgery in 2011, he at least 98% blind and of losing his complete sight in the injury eye.  And it is he that because denied of the surgery his eye is under imminent danger of a very serious physical medical injury.  He to are sued for monetary damages in his compensatory and punitive damages for the lost of his sight had denied of the medical surgery needed since August 2011 inmate assault of the striking him in the ey by this free world heel of the wooden boot.

Plaintiff is un-aware of his office or his known address but states he may be serve of a copy of this complaint at the Crestwood Hospital.


Defendant <u>Dr. Hood</u> (M.D.)Chief Medical Surgeon Physician, also like Defendant Dr. Barrett and of the same claims denying plaintiff's of a serious medical surgery back in August 2011, because of the same of Dr. Barrett, because the (ADOC) was not ecand could not provide the funds to cover the bill for the surgery and has since August 2011, denied the plaintiff of a serious medical treatment and a needed treatment that is so long over due meded    of serious

17

medical treatment.    He too in this complaint obtained the same
claims made against Dr. Barrett, and he is sued in his individual
and official capacities.    He has acted under color of Federal and
State law.    He has acted under deliberate-indifference.    Sutton
contends he may be serve in his capacities at the Limestone
Correctionalo Prison.   28779 Nick Davis Road, Harvest, Alabama
35749.    He refused to allownis medical him or the medical staaff
at Crestwood Hospital to ever perform on his eye in August 2011 and
never has even up to the filing of this complaint of any surgery on
his eye even that there were two sncedule and prep for surgery
sncedule at the Crestwood Hospital first on August 9, 2011, and
with (WISDA Dr. John S. ) & secondly for the rescnedule  on August
16, 2011, with a Dr. (Physician) Robert J, Knowing, but both was
xcanceled because they were told by Dr. Hood Do not performed these
surgery's because the ADOC could not and would not pay for them as
that they did not have the funds.   The ADOC were "BROKE" and could
not afford to pay this medical expense.

Again, since August 2011, there's been absolutely not one mention
of scheduling for the surgery of Plaintiff's eye from the inamte
assualt, which was caused by Defendant's Captain Smith first-
cousin, according to Inmate Jimmy Swindell.  himself.  May it be
noted that (Swindell) was allowed after spending over 16 months in
segregation for theassault done to the plaintiff's, he (E.O.S.) his
prison sentence in April 13, 2018.

18

THE RIGHT TO MEDICAL CARE:

The Eignth Amendment to the U.S. Constitutiongives convicted
inmates the rigntsto adequate medical care. The Due Process of the
Fitth Amendment for Federal inmates, or the Fourteenth Amendment
for state and local inmates. give the same rignt to pre-trial
trainees.   An inmate whicn as nere in (Sutton's) case wnom nas
consistently ask request atter request? after requests? for surgery
of nis serious medical treatment of the eye-surgery from the August
2011; assault and was denied both by Dr. Barrett and Dr. Hood?
wnicn ne never received none.  and now nas sutferes a mucn more
seriousness injury to nis left-eye from the August 2011 inmate
assuait and nave lost over 96% vision in the left eye wnicn is
believes by tnis palintiff's tnat ne is expected to go blind and
lose the signt of nis left-eye.  According to the Supreme Court of
the United States Prisons officials and Doctors of contractors
violates the U.S. Constitution of the inmates established rignts
wnen it is intentionally "Deny or Delay" access to medical of a
more serious injury, or access to medical care, provide grossly
inadequate treatment, or intentionally interfere witn scnedule
surgery or prescribed treatment."     Suttons repeadly ask's for
medical treatment or the scneduling of nis eye-sugery and the
Pnysicians (Dr. Barrett or Dr. Hood") or the Prison Statff did
notning. nor, did ne receives any proper medical medical care, but
later sutfers a serious injury in-fact a lost of over 96% percent
of the lost of nis left-eye and or 100% lost of vision in tnis
left-eyeas to wnere ne would probably never be allowed to use it
again, nor nave vision of tnis eye. And Officials nor Dorcors
contracted by the Department of Corrections may not deny needed
serious medical treatment "<u>because the care is so expensive or cost
tooo mucn.  or the inmate</u> cannot pay for it. Nor tnat they may not
deny you medical care because the inmate cannot pay for it. Not
snould medical care be denied you  for punisnment or to punisn the
inmate.

●19

The Constitution imposes on prison and jail officials a duty to protect: to "take reasonable measuresto guarantee the safety of inmates," and to protect them from "violence at the handsof other prisoners." In 1994 the Supreme Court of the United States held that the United States Constitution gives inmates a right to be protectedfrom assault by other inmates. For inmates incarcerated in the Federal bZureau of Prisonssystem or the states local institutiontnis right is based on cruel and unusualpunishment clause of the Eignth Amendment. For federal pretrial detainess, the right is based on the Due Process Clause of the Fifth Amendment. For inmates incarcerated in a state penal system , and for local pretrial detainees, the right is based on the Due Process Clause of the Fourtheenth Amendment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES:

Plaintiff sought to exhaust his administrative remedies as required by prison policy.  However. the State of Alabama has no administrative  remedies for inmates to exhaust in the (ADOC) Alabama Department of Corrections or at Tutwilder Prison for Women. He has file many requests and many formal complaints complaining to the defendants Wardens, & Captains and above named Defendants caption respondeat superior and none have answers or responded to eitner the requestes or the formal complaints.

All named Defendants named in the complaint in the caption are liable and have acted under the Color of federal and state law.

All named Defendants are responsible and laible for the Security and Safety of the plaintiff's safety and well being in this compalint.

All named Defendants acted in "deliberate-indifference" and knew or should have known of the violation of the plaintiff's Eignth Amendment by not prptecting him from asssult by other inmate.

All Defendants named in the complaint except for the unspecified CO-1's Correctional Officers acted under their Respondeat Superiorof the act of failing to respond or answers any of the plaintiff's requestes or formal complaints.

All Defendants are sued in their individual and official capicites those that are sued in their official capacities are not sue against the state only because they are employed for the State of Alabama, But the State of Alabama are not being sued.

None of the Defendants qualifies for qualified immunity; none of them are precluded from state agent immunity; nor any of them barred by Article 1 Section 14 of the Alabama OR THE United States Constitution.

All named Defendants are employed or contracted for the State of Alabama

Plaintiff are filing within the Statute of Limitation of the State standard policy.

Plaintiff does not exceed the controversy of damages of $12,000,000.

## VI.   FACTUAL ALLEGATIONS

On or about August 9. 2011 approximately between the hou of 8:15
and 8:30 p.m. during the prison count and we had been lock down in
our cell when another inmate (Jimmy Swindell) and I was lock of our
cell at the Limesttone Correctional Facility in cell K-47.
(Swindell) slept on the top bunk and I on the bottom as cellmates
in a two-man lockdown cell.    (Swendell) was known and the staff
knew he was a mental nealtn patient , but for what ever on the
evening during this count while I was bending over in my storgae
box retreving something from my box Swendell jump from the top bunk
pick up his free-world boot with a wooden nil on it drew back and
swing struck me in the left eye with a blow tnere where he almost
knock my pupul out of the socket causing me to lose complete signt
at the time and knocking me slam to the floor. where I gave out a
extremely loud   yell for the correctional officers or who ever
would get the officers there to open the cell where I could receive
possibly some nelp. However. that was no avail.

he was struck from the blind side with a quick blow striking Sutton
with the heel of this "freeworld" boot causing his left-eye to
immediately gushing blood as a water hydrian had been turned on.
blood began to gush out like a sprayer and there were no officer on
the floor.   there were no way I could get intouch with the Cubicle
officer.    No button to push from the cell for emergency, no
cameras, no body to yell that could hear me and all the doors were
lock down for count.    Assuming the Officer was already in the
building but was on the opposite side of the building counting,
when the officer finally arrived and got the door open there were

22

puzzle and puzzle of blood gushing from the plaintif's eye and had almost cover the cell as to so much blood the plaintiff's had lost. Plaintiff was also a diabetic and was using or taking 75 cc a day. He further almost passout if not pass-out. But as un-aware as the nursing arriving. Plaintiff was immediately according to other rush to the Crestwood Hospital, and was told had been sat up for emergency surgery by a Dr. surgery and ordered by the physician Dr. Barrett, but later on the surgery was cancelled by Dr. Hood as he refused to allow surgery on August 9, 2011, because ADOC would not authorized the payment to cover this surgery, So there if was cancelled and rescheduled for August 16, 2011.   Plaintiff was screen and had been prepared for the second schedule medical surgery by Dr. Barrett, but again by a Dr. Hood refused to allow because he would not approved the payment for the surgery not would he approved any further medication for the plaintiff of pain and others immediate sugical or preparing his eye or other wise because of unauthorized funds. So again Sutton was redressed and sent back to Limestone and has been every since 2011.  But Dr. Hood who still maintain a physician position once under the contract of Corizon but since Corizon lost the contract and now under the Health Service of Wextext.

The plaintiff has been refused this surgery since August 16, 2011. However,         the         treatment         stop         **complete**
**anptte**

In fact Dr. Hood, do not even schedule plaintiff's for additional
appointment or scheduling of the surgery which in it was he was
supposed to have reformed in August 2011.   Plaintiff's contend's
that since the scheduling of the never had so call surgery
plaintiff contend's as he has lost ove 96 percent of the vision in
his left-eye the eye he was struck in by the boot of Swindell's
heel, and now it has been seven years he contends' he can barley se
or have any vision in this eye.

He further contend's that this is an ongoing serious physical
"imminent danger's injury". an a patten of misconduct evidencing
the likelihood of imminent danger and the Dr. Hood is completely
deliberate-indifference in denying plaintiff of surgery and the
reason stating the Alabama Department of Corrections CANNOT pay the
cost of the surgery and for denying and canceling the emergency
surgery (August 9, 2011 first and the rescheduling of August 16,
2011.

Plaintiff now allege that the threator prison condition is real and
proximate, and that the potential consequence is ' serious
physical injury''') to be invoke.

**Plaintiff contend's there were three officer assigned to the K-
dormitoryone assigned to the cubicle and two counting on the floor.
He states that the assigned officers in his domitory was liable anc
deliberate-indifference and had failed to provide this inmate with
proper safety and and protection as the United  States Constitution
of eighth amendment provides.**

All the other inmates was yelling and screeming  trying to get anyone to come to B-side because of the injury had occured.  Final when the two unspecified officers showed up the inmates told them there had been some kind of injury  in cell K47, and that the plaintiff needed help.  they call the cubicile officer and told hiom to pop the cell door to the pl;aiontiff cell only to find the plaintiff's lying streach out on the floor.  With blood gushing from his left-eye and him covered in blood.  One of them immediately call for the prison ambus lance.  Sutton was rush to the Crestwood Hospital and had been prepared and dress for surgery. per Physucuan  Dr, Barrett.  On for Physicaa Dr. Hood to call and cancer the surgery which he stated to the Crestwood Doctors and to Dr, Barrett causing the plainitff)  To tell them thast (ADOC) Ala. Dept. of Corrections  did not have the monetary money or financial monies to pay for this surgery.  By the time the counting officer arrived to his cell which were radioed the cubicle to open his cell door.  When they came inthere were blood all over the floor where the plaintiff were lying just laying in puzzle of blood where his left-eye had been bleeding and gushing blood,  from  the  injury. which the plaintiff he was under imminent danger of a physicial serious medical denied of a serious medical treatment.   There plaintiff had been bleeding for a quite of period of time.

Sutton contend's all the named CO-1 unspecified officers were deliberate-indifference and had violated his eighth amendment constitutional right of the United States Constitution.

Further Sutton states the ADOC Alabama Department f Corrections immediate staff and unspecified CO-1 had failed to provided him with protection and safety as is required by the U.S. Constitution. Further Sutton and Swindell, the other inmate whom since have learned that (Swindell) was a first cousin of Defendant DOC Captain James Smith who's also a defendant in the complaint.  Sutton and Swindell had not had any previous confrontation or any of the present of the time when he was struck in the eye.

All Sutton was aware of that Swendell had been a mental health patience.  And for no known reasoning  he had been struck with a freeworld wooden heel from Swendell's boot so hard that it knock him out and almost blind him and almost knock it out of the socket. Sutton had written many reques and complaints to the ADOC and ADOC Commissioners, Regional Directors etc., but never filed any responses or answers to either. Further after learning (swendell) being the first cousin of Defendant Captan Smith, he (Swendell) after staying in segregation over 24 months he as since been released in E.O.S. end of sentence in (April 13, 2018).

Sutton and Swendell were both given disciplinary Sutton whom was given a dsiciplinary for fighting without  a weapon which was a violation of ADOC MEDIMUM OF AR 501, and Jimmy Swendell was given a disciplinary in violation of ADOC Regulation # 910, at high level place in segregation for 24 months,  And Sutton because the injury was so harsh and so much possible of being imminent danger of a serious violation of a ohysicial injury  was place in Limestone (HCU) where he was housed for more than two weeks and still denied emergency surgery.

In fact after Dr. Hood had cancelled all of the plaintiff's surgeries and other appointments with the Crestwood Hospital successful ne say's that plaintifff would be schedule for a second opinion with an optometrist in matter of a few weeks.  This was in August 2011, plaintiff contends that he has file with Dr, Hood and Dr. Barrett and still no response or answers to the requestes.

Sutton complained almost every day of this blurr and almost blind of the left-out and could barelysee his hand in front of this eye. All defendants named in the face of the complaints and of the captioned of the complaint are sued in their deliberated-indifference and are liable and has violated his Due process.  Has not given him the opportunity to be heard in his filed complaint of this "imminent dangeer of this physicial serious denial of medical treatmen    And the violation of his U.S. Constitutional rights. And has denied him of a serious medical treatment,

Plaintiff request that the named defendnantswill be ordered of this Honorable U.S. District Court will grant an order as to where S
 Defendants has order service of process on the defendants, further as that Court acertained his medical files annnd have the defendants is order to serve on the plaintiff as well.

Respectfuilly submitted this 27th day of June 2018.

Kenneth Ronald Sutton,
AIS#210657
Limmmestone correctional facility
28779 Nick Davis Road
Harvest, Alabama 35749

## VI. CAUSES OF ACTION

### COUNT I

### Plaintiff was Subjected To Cruel and Unusual punishment in Violatiopn of the Eignth Amendment To the Constitution

Plaintiff incorporates paragraphs 1 through of as though they were fully herein:

Defendants named in the complaint of the caption violated plaintiff's Eignth Amendment right of Protection from Assault by Other Inmates to be free from cruel and unusual punisnment of his safety and well being and allowing him to stay in the cell whom which it was already known by all Defenants his being a "mental nealtn" allowing him to be struck of a hard blow striking him in his Left Eye, almost knocking it out of the socket and causing him to almost lose his sight and vision in the eye and never be able to use tnis eye again at no fault of his, and causing him to be under a most serious "imminent danger" of a serious pnysical injury." A nd tnat all defendants nave acted under deliberate-indifference. wnile incarcerated in the Limestone Correctional Facility, (K-Dorm)(Cell #47)(August 9, 2011).

All named Defendants named on theface of the complaint nas acted violation of the Plaintiff Eignth Amendment right to be free from cruel and unusual punishment and casue deliberate-indifference wnen ne was denied of a serious medical treatment and/or (medical Surgery) Physician recommended wnen ne was told tne surgery was cancelled until further notice (now seven years ago since August 2011), and that the ADOC Could not afford to pay for this type of surgery.

77

Defendants on the face violated his Eighth Amendment right to be free from cruel and unusual punishment when he was deprived and denied by Physician (Dr. Hood and Dr. Barrett) denied and deprived of immediate and emergency surgery because the ADOC could not afford to pay for this type surgery as it is that the plaintiff would have needed. While incarcerated and injury under imminent danger at the Limestone Correctional Facility (August 2011):

## Count II

Plaintiff was Denied of Due Process Under the Fourteenth Amendment To the Constitution:

Defendants violated the plaintiff's Fourteenth Amend ment rights to due process by failing to Provide him assurance of safety and protection of assault from other inmates. And depriving him of an immediate surgery (7 years?August 2011) after being struck in the face of his left-eye allowing the emergency which is so needed now since (August 2011), to possible save his eye and keep him from losing it complaetely. And denying and cancelling it after it had been set up at Crestwood Hospital and denying his of nothine as the hospital to cancelled the appointment of the immediate eye surgery of his left-eye as the hospital because the ADOC could not afford to pay.

Defendants violated the plaintiff's Fourteenth Amendment rights to due process by allowing Dr. Hood and Dr. Barrett  to cancelled the immediate surgery because Corizion who is of contracts with the ADOC because it couldn't afford to pay for the surgery to be conducted at the Crestwood Hospital.

Defendants violated the plaintiff's Fourteenth Amendments rights when they had acted under deliberate-indifference when it knew or should have known that the plaintiff's was under immienet danger from a serious physical injury where he was denied complete medical service to have the surgery done to save his eye when he had been seriously struck by another inmate mental-health for no reasons of his denied his immediate surgery and deprived him to be straighten out or operated on becuae the ADOC at Limestone Correctional  and Corizon Contract Doctors of Dr. Hood and Dr. barrett.

Defendants named in the face of the complaint denied the plaintiff of his Fourteenth Amendment right to dto due process by depriving Plaintiff an opportunity to aggrieve conditions of his confinement.

## B.   PRAYER FOR RELIEF

WHEREFORE:   Plaintiff prays that this Court :

A.   Declare that the acts and ommissions described herein violated Plaintiff's rignts under the Constitution and laws of the United States.

B.   Order Defendants to pay $6,000,000 in compensatory damages each and $12,000,000 each in Punitive damages. as they are sued in their individual capacities and their official capacities, as the State of Alabama are not sued in their respective capacities even that the Defendants work for the State of Alabama.

C.   That Injunctive and Declaratory Judgment are granted in this
     civil action against the Defendants named in the complaint.

D.   Grant other just and equitable relief that this Honorable Court
     deems necessary.

DATED: JUNE 27th, 2018

### VERIFICATION OF KENNETH RONALD SUTTON, (210037)

Pursuant to 28: U.S.C. § 1746, I KENNETH RONALD SUTTON, (AIS#210037) declare and verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed and filed on June 27, 2018, place in the Prison mail (Mail-box rule)(Houston -v- Lack), prepaid first-class mail in the U.S. mail this 27th, Day of June, 2018:

_Ronald Stt_ ,

Kenneth Ronald Sutton, (210037),

_Cheryl Degraffenreid_ , _01/18/2022_ ,
Notary, My Commission Expires,

STATE OF ALABAMA:
COUNTY OF LIMESTONE:

SWORN AFFIDAVIT/VERIFICATION OF KENNETH RONALD SUTTON,
(AIS#210037), IN SUPPORT OF HIS FILED 42 U.S.C. § 1983

I, KENNETH RONALD SUTTON, (AIS#210037) UNDER THE PENALTY CERTIFY before a sworn Notary Public, that all the enclosed information in his supported Sworn Affidavit/Vertification are TRUE AND CORRECT to the best of his knowledge;

I, KENNETH RONALD SUTTON, (AIS#210037) HEREBY UNDER THE PENALTY are of the age of 71, required for an adult male in the United States of America.

I, KENNETH RONALD SUTTON, (AIS#210037), UNDER THE PENALTY OF PERJURY, Certify that I am competent to testify in any Court of the United Statees of America and/or any County of the State of Alabama;

I, KENNETH RONALD SUTTON, (AIS#210037), HEREBY CERTIFY UNDER THE PENALTY, that his injury (August 2011), is of allegations of an on going and overdue serious physical injury, or a patten of misconduct evidencing the likelihood of "imminent serious of a physical injury". An he states at the time he filed this original cause of action he was then (August 2011), under the "imminent physical serious of danger".

SWORN AND SUBSCRIBED BEFORE ME THIS 27th DAY OF JUNE, 2018, that all the enclosed information are True and Correct to the best of my knowledge.  This 27th, Day of June 2018.

_____,

Kenneth Ronald Sutton, 210037,

_____,  01/18/2022,
Notary,                      MY COMMISSION EXPIRES,